# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2422
Lower Tribunal No. 20-406A
_____


**V.M.A., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.


Before FERNANDEZ, C.J., and SCALES and HENDON, JJ.

PER CURIAM.

Citing due process concerns, V.M.A., a juvenile, appeals from final orders withholding adjudication of delinquency and placing V.M.A. on probation for aggravated battery. The challenged orders were rendered after the trial court, over V.M.A.'s objection, conducted V.M.A.'s adjudicatory hearing remotely, using the Zoom videoconferencing platform.[1] In overruling V.M.A.'s objection, the trial court, noting that the State did not agree to an "in person" adjudicatory hearing, relied upon an August 6, 2021 administrative memorandum issued by the Administrative Judge for the Unified Children's Court Division of the Miami-Dade Children's Courthouse that then required all juvenile adjudicatory hearings be conducted remotely unless the parties agreed to appear in person. The trial court, though, did not make any case-specific findings of why it was necessary to conduct the adjudicatory hearing remotely.

---

[1] The remote hearing conducted below occurred on October 25-26, 2021, while the Florida Supreme Court's In re Comprehensive COVID-19 Emergency Measures for the Florida State Courts, Fla. Admin. Order No. AOSC20-23, Amend. 13 (May 6, 2021) was in effect. This administrative order provided, in relevant part, that:

> • "The presiding judge in all cases must consider the constitutional rights of crime victims and criminal defendants and the public's constitutional right of access to the courts." Id. at 3.

> • "[J]uvenile delinquency cases shall be conducted remotely if ordered by the chief judge or the presiding judge or, if not, must be conducted in person." Id. at 14.

In <u>M.D. v. State</u>, 345 So. 3d 359 (Fla. 3d DCA 2022), <u>J.T.B. v. State</u>, 345 So. 3d 927 (Fla. 3d DCA 2022), and <u>K.M. v. State</u>, 347 So. 3d 435 (Fla. 3d DCA 2022), which are indistinguishable in all material respects from the instant case, this Court concluded that due process considerations inherent in delinquency proceedings require the trial court to make case-specific findings of necessity before conducting a remote adjudicatory hearing. Because the trial court did not make the requisite findings, we reverse the challenged orders and remand for a new adjudicatory hearing.

Reversed and remanded.